IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremiah Reaves; Dmitri Reaves; Siobhan B. Reaves; Tiesha D. Evans; M.R. (Minor); Valshea Gause; Montisa Beck, and Z. Beck (Minor),<br><br>                Plaintiffs,<br><br>    v.<br><br>Wilbur O. "Billy" Powers; Helen M. Beane; Powers Properties; T.J. Love; Florence County Sheriff's Office; and Clemson University,<br><br>                Defendants. | C/A No.: 4:21-3188-JD-KDW<br><br>ORDER AND NOTICE |

This is a civil action filed by pro se litigants. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.    Factual and Procedural Background

Plaintiffs allege they were tenants in a property owned by Defendant Powers Properties. ECF No. 1. Plaintiffs claim Defendants enacted an addendum to their lease effective September 13, 2021, in which the tenants were advised that they would be fined $50 if they were found to have left trash on the property. *Id.* at 12–13. The policy also offered rent credits to tenants who reported someone for leaving trash on the property. *Id.* Plaintiffs contend Powers Properties only distributed the updated policy at their complexes where the tenants were predominately black. *Id.* at 11. Plaintiffs argue the revised policy is a Jim Crow Law and violates the Civil Rights Act of 1964, Title VIII of the Civil Rights Act 1968, federal statutory law, the Thirteenth and Fourth Amendment of the United States Constitution, and state law. *Id.* at 4, 13-14. Plaintiffs contend Powers Properties illegally failed to attach the revised policy on the eviction actions that were


served on tenants. *Id.* at 15. Plaintiffs allege the Florence County Sheriff's office wrongfully destroyed all their property and illegally evicted them and their minor child on September 20, 2021, pursuant to a magistrate court order. *Id.* at 3, 11–12. Plaintiffs allege Powers Properties failed to disclose to the state court its updated policy. *Id.* Plaintiffs also contend Powers Properties pocketed the deposit and refurbishing fee paid by Plaintiffs. *Id.* at 4, 15. Plaintiffs state Defendant Helen M. Beane signed her name as the leasing agent, the notary, and the magistrate, which is a conflict of interest. *Id.* at 14. Plaintiffs claim Powers Properties and the Florence County Sheriff's Office denied them the right to file an appeal because their case was closed by the court the same day. *Id.* at 12. Finally, Plaintiffs argue Clemson University is condoning Defendants' behavior by naming its School of Business after Defendant Wilbur O. "Billy" Powers. *Id.* at 9.

II.     Discussion

    A.     Standard of Review

Plaintiffs filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the

plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Minor Children

As an initial matter, Plaintiffs cannot proceed pro se on behalf of minors M.R. and Z. Beck. Plaintiffs do not allege they are attorneys who are licensed to practice in South Carolina. While Plaintiffs have the authority to litigate their own claims pro se, *see* 28 U.S.C. § 1654, they do not have the authority to litigate on another's behalf. *See Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others."). The undersigned recommends Plaintiffs M.R. and Z. Beck be dismissed from this action.

2.     Insufficient Factual Allegations (Clemson University)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the

3

reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiffs' Complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Clemson University. Accordingly, Clemson University should be summarily dismissed from this action.

    3.  Sovereign Immunity (Florence County Sheriff's Office)

Plaintiffs' allegations against Florence County Sheriff's office are also subject to summary dismissal. The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (holding that Congress has not abrogated the states' sovereign immunity under § 1983); *see also* S.C. Code Ann. § 15-78-20(e) (stating that South Carolina has not consented to suit in federal district court). Florence County Sheriff's Office is a state agency and should be summarily dismissed from this action. See *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at *1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county.").

4.     Claims Pursuant to 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs' claims of constitutional violations by Defendants Wilbur O. "Billy" Powers, Helen M. Beane, and Powers Properties must be dismissed because these Defendants are not state actors and cannot have acted under the color of state law. Purely private conduct such as that alleged against these Defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Therefore, Plaintiffs' § 1983 claims against these Defendants are subject to summary dismissal.

5.     No Private Cause of Action (18 U.S.C. § 873)

18 U.S.C. § 873, is a criminal statute, that prohibits blackmail or extortion.  As a general proposition, "[a] plaintiff cannot sue to enforce rights under criminal statutes; '[o]nly the government has the ability to imprison people and thus to enforce these statutes.' " *Cook v. Unisys Federal Gov't Grp.*, No. 7:14-cv-579, 2015 WL 5690928, at *6 (W.D. Va. Sept. 3, 2015). Stated another way, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because 18 U.S.C. § 873 does not provide a private right of action to Plaintiffs, these claims should be summarily dismissed.

6.     Discrimination

Plaintiffs allege Defendants discriminated against them when they enacted their policy concerning trash on the property and distributed it to apartment complexes with predominately black tenants, and when they threw their property on the street following their eviction. ECF No.

5

1 at 23. To succeed on an equal protection claim under the Fourteenth Amendment, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)." The undersigned finds Plaintiffs' conclusory allegations, without more, are insufficient to support their bare allegations of discrimination. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (noting a merely conclusory allegation of discrimination, without facts supporting the assertion that an officer's conduct was motivated by the litigant's race, is insufficient to state an actionable § 1983 claim). Accordingly, Plaintiffs' discrimination claims should be summarily dismissed.

       7.     Municipal Liability (Florence County Sheriff T.J. Joye )

A municipality or other local government entity may only be held liable under 42 U.S.C. § 1983 "where the constitutionally offensive actions of [] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'") (citing *Monell*, 436 U.S. at 694).

Although Plaintiffs allege Sheriff T.J. Joye is responsible for enforcing the rules of the Florence County Sheriff's Office, *see* ECF No. 1 at 10,  Plaintiffs fail to identify any governmental policy or custom that caused their constitutional rights to be allegedly violated.  At most, Plaintiffs attribute to Joye, in a conclusory fashion, the alleged wrongful acts of his employees. *Se*e ECF No. 1 at 10. However, the doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official

policy or custom that results in illegal action. *See Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiffs' Complaint provides insufficient allegations to demonstrate Joye personally violated their constitutional rights or that he was deliberately indifferent to his subordinates' actions that posed a constitutional risk of injury to Plaintiffs. Accordingly, Plaintiffs' claims against Joye should be summarily dismissed. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

        8.      No jurisdiction to review state court judgments (Eviction Action)

Under the *Rooker-Feldman* doctrine, this court may not review findings or rulings made by state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court lacks authority to review final determinations of state or local courts); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). The *Rooker-Feldman* doctrine extends not only to issues actually decided by a state court but also to those that are "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" with a state court decision if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc.*

7

*(Pinewood) v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001). This prohibition also includes constitutional challenges. *Curley v. Adams Creek Associates*, 409 F. App'x 678 (4th Cir. 2011).

The Supreme Court clarified the scope of the *Rooker-Feldman* doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005):

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 284; *see also Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("*Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker-Feldman* doctrine does not apply."). Implicit in the doctrine is the recognition that only the United States Supreme Court has jurisdiction over appeals from final state court judgments. *Exxon*, 544 U.S. at 283; *see also* 28 U.S.C. § 1257. To the extent the claims in Plaintiffs' Complaint challenge rulings made by the Florence County Magistrate Court, these claims should be summarily dismissed.

9. Conspiracy

Plaintiffs allege Defendants made an agreement to cover up their September 13, 2021, policy by concealing the policy, their security deposit, and refurbishment fees from the state court when filing their eviction actions. ECF No. 1 at 28. Plaintiffs also contend Defendants conspired to keep their security deposits and used this money to provide kickback to state judges, Florence County Sheriff's Office, and other law enforcement for a swift eviction. *Id.* Plaintiffs further claim Defendants did not replace carpets or blinds, repair holes in the wall, or exterminate roaches. *Id*. Finally, Plaintiffs argue Powers Properties threw their stuff out so fast that they did not have time to file an appeal. *Id.* Under 42 U.S.C. § 1983, an alleged conspiracy must be pled and proved by

concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). Plaintiffs provide no concrete facts to demonstrate that Defendants came to a mutual understanding or acted jointly in concert to deprive Plaintiffs of any constitutional right. Plaintiffs also fail to adequately allege Defendants acted with a discriminatory motive. Plaintiffs' conspiracy allegations are subject to summary dismissal.

10. Claims pursuant to 42 U.S.C. § 1988

To the extent Plaintiffs purport to assert a claim under 42 U.S.C. § 1988, the court recommends this claim be dismissed. Section 1988 allows for the recovery of attorneys' fees for a successful claim under any of the other civil rights statutes cited by Plaintiffs, including Title VII, the Fair Housing Act, and 42 U.S.C. §1983. However, a pro se litigant is not entitled to attorneys' fees under § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991). As Plaintiffs are proceeding pro se, their § 1988 claim should be summarily dismissed.

11. State law claims

The federal claims in this case are recommended for summary dismissal. Because Plaintiffs have failed to allege sufficient facts to establish diversity jurisdiction over their remaining claims,[1] the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in Plaintiffs' complaint. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

---

[1] Plaintiffs have not shown complete diversity of parties because Plaintiffs and at least one of the Defendants are citizens of South Carolina. *See* ECF No. 1. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978) (noting for diversity jurisdiction purpose, that no party on one side may be a citizen of the same state as any party on the other side).

NOTICE CONCERNING AMENDMENT

Plaintiffs may attempt to correct the defects in their Complaint by filing an amended complaint by **October 22, 2021**, along with any appropriate service documents. Plaintiffs are reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiffs file an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiffs fail to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without service and without leave for further amendment.

IT IS SO ORDERED.

October 8, 2021
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge