IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeremiah Reaves and all other occupants, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Wilbur O. "Billy" Powers; Helen M. Beane; )<br>Powers Properties; Clemson University; T.J. )<br>Joye; County of Florence; Florence County )<br>Sheriff; County of Horry; Horry County )<br>Sheriff; County of Sumter; Sumter County )<br>Sheriff; County of Richland; Richland )<br>County Sheriff; County of York; York )<br>County Sheriff; County of Beaufort; )<br>Beaufort County Sheriff; County of )<br>Greenville, Greenville County Sheriff; )<br>County of Anderson; Anderson County )<br>Sheriff; County of Pickens; and Pickens )<br>County Sheriff, )<br>)<br>Defendants. )<br>) | Case No.: 4: 21-cv-03188-JD<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] Jeremiah Reaves ("Plaintiff" or "Reaves") and all other occupants (collectively "Plaintiffs"), proceeding *pro se* and *in forma pauperis*, brought this action alleging Defendants Wilbur O. "Billy" Powers, Helen M. Beane, Powers Properties, Clemson University, T.J. Joye,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

County of Florence, Florence County Sheriff, County of Horry, Horry County Sheriff, County of Sumter, Sumter County Sheriff, County of Richland, Richland County Sheriff, County of York, York County Sheriff, County of Beaufort, Beaufort County Sheriff, County of Greenville, Greenville County Sheriff, County of Anderson, Anderson County Sheriff, County of Pickens, and Pickens County Sheriff (collectively "Defendants"), violated The Civil Rights Act of 1964, Title VIII of the Civil Rights Act 1968, federal statutory law, the Thirteenth and Fourth Amendment of the United States Constitution, and state law, because of an unlawful eviction. (DE 1, p. 6. ¶¶ 13-14.)

On October 8, 2021, the Court issued an order notifying Plaintiff that the Complaint was subject to summary dismissal because he failed to allege sufficient facts to state a claim. (DE 8.) The order further advised Plaintiff that he had until October 22, 2021, to file an amended complaint or otherwise cure the identified deficiencies in the pleadings. (DE 8, p. 10.) Reaves filed an Amended Complaint on October 27, 2021.[2] (DE 18.) Plaintiff alleges Power Properties, through the State Court, improperly filed and served a writ of ejectment during the Center for Disease Control's ban on evictions in the United States as a result of Covid-19, which violated Plaintiff's due process rights. (DE 18, pp. 13-14.)

The Report and Recommendation was issued on January 14, 2022, recommending that Plaintiff's Amended Complaint be dismissed for failure to correct the deficiencies identified in the Court's Order and Notice (DE 8), and failure to state a claim that falls within the Court's jurisdiction. (DE 33.) Specifically, the Report recommends dismissal because, among other reasons, Reaves cannot maintain claims on behalf of others in his *pro se* capacity; Plaintiff's

---

[2] Plaintiff's Amended Complaint lists Plaintiff and seven other individuals as purported plaintiffs in this action, and he pleads actions allegedly taken by Powers Properties to evict Plaintiff and other residents from their properties. (DE 18.) Plaintiff's allegations concerning other individuals are not properly before the Court, and therefore, these additional facts are not referenced herein.

Amended Complaint contains insufficient factual allegations of constitutional wrongdoing or discriminatory actions attributable to Wilbur O. Billy Powers, T.J. Joye, Clemson University, County of Horry, Horry County Sheriff, County of Sumter, Sumter County Sheriff, County of Richland, Richland County Sheriff, County of York, York County Sheriff, County of Beaufort, Beaufort County Sheriff, County of Greenville, Greenville County Sheriff, County of Anderson, Anderson County Sheriff, County of Pickens, and Pickens County Sheriff; and this Court does not have jurisdiction to review findings or rulings made by state courts to the extent Plaintiff asks this Court to review rulings made by the Florence County Magistrate Court in Plaintiff's eviction proceedings. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiffs' Amended Complaint is dismissed with prejudice

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

February 9, 2022
Greenville, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.